THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Arcade LLC<br>a Delaware limited liability company,<br><br>               Plaintiff,<br>v.<br><br>FNU LNU<br>also known as<br>Panican Skywalker<br>also known as @theonewhomogs_,<br><br>               Defendant. | MEMORANDUM DECISION AND<br>ORDER<br><br>Case No. 2:26-cv-00154-DBP<br><br><br>Magistrate Judge Dustin B. Pead |

Before the court is Plaintiff Arcade LLC's *ex parte* Motion to Expedite Discovery.[1]

Plaintiff seeks discovery prior to a Federal Rule 26(f) scheduling conference in this matter

because Defendant's identity remains unknown. As set forth herein, the court will grant the

motion.

**BACKGROUND**

This case concerns a business transaction involving an allegedly fraudulent online

investment scheme. Plaintiff sought to patriciate in the presale of a cryptocurrency project called

"MegaETH." The MegaETH presale was conducted at a significant discount based on the

anticipated post-launch trading price. Through Twitter, Plaintiff contacted Defendant who uses

the handle @theonewhomogs_ and the username Panican Skywalker. Defendant represented that

he would likely receive a large allocation in the MegaETH presale. In reliance on Defendant's

---

[1] ECF No. 2.

representations, Plaintiff transferred "approximately $49,682.56 in cryptocurrency to Defendant's Ethereum wallet."[2]

Defendant participated in the MegaETH presale using the $49,682.56, but Defendant received a minimum amount of approximately $2,650 in cryptocurrency, with the remainder being refunded through the platform. Defendant then retained control over both the allocated tokens and the remaining $47,350. Based on Defendant's alleged actions, Plaintiff brings claims for securities fraud, conversion, fraudulent misrepresentations, unjust enrichment, breach of contract, breach of the implied covenant of good faith and fair dealing, and fraud. In the instant motion Plaintiff seeks to discover Defendant's identity.

## DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure provides "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized by these rules, by stipulation, or by court order."[3] "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."[4] Courts have permitted expedited discovery when it is needed to identify the defendants in a case or to find contact information for service.[5] And good cause has been found for expedited discovery in a cryptocurrency theft case

---

[2] Complaint at 4.

[3] Fed. R. Civ. P. 26(d)(1).

[4] *Vient v. Anc.,* No. 2:19-CV-00051-EJF, 2019 WL 12069559, at *1 (D. Utah Mar. 4, 2019) (unpublished) (quoting *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.,* 213 F.R.D. 418, 419 (D. Colo. 2003)).

[5] *Ultradent Prods. Inc. v. Does 1-10,* No. 2:23-CV-00135, 2023 WL 2275541, at *1 (D. Utah Feb. 27, 2023) (allowing expedited discovery regarding the source of third-party reseller's Ultradent products); *Purple Innovation, LLC v. Bedmate-U Co.,* No. 2:22-CV-00620, 2022 WL 13818653, at *1 (D. Utah Oct. 21, 2022) (finding good cause for expedited discovery to find the defendants' contact information).

where the defendants' identities were unknown.[6] Indeed a plaintiff's inability to identify a defendant is "one of the few reasons that early discovery is generally permitted."[7]

## CONCLUSION AND ORDER

Arcade LLC has shown good cause to permit expedited discovery. This discovery is necessary under the current circumstances to identify and serve Defendant. Arcade LLC's Motion for Expedited Discovery is therefore GRANTED.

IT IS SO ORDERED.

DATED this 26 March 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[6] *Y.S. v. Doe*, No. 25-CV-03129-DDD-KAS, 2025 WL 3283291, at *3 (D. Colo. Nov. 25, 2025).

[7] *Malibu Media, LLC v. John Doe Subscriber Assigned IP Address 174.51.234.104*, No. 13-cv-00307-WYD-MEH, 2013 WL 3753436, at *4 (D. Colo. July 14, 2013) (citing *20/20 Fin. Consulting, Inc. v. Does 1-5*, No. 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1 (D. Colo. May 11, 2010)).

3